IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02908-CMA-NYW

PERLA OLAVE, and
JAMIE DARCI OLAVE-HERNANDEZ,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment (the "Motion" or "Motion to Dismiss") [Doc. 27, filed December 20, 2021]. This court considers the Motion to Dismiss pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 7, 2021, [Doc. 18], and the Memorandum dated December 29, 2021. [Doc. 29]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, the related briefing, and the applicable case law, I respectfully **RECOMMEND** that the Motion to Dismiss be **DENIED**.

## BACKGROUND

Plaintiff Perla Olave is the sole owner of a home located at 9270 Garfield Street in Thornton, Colorado (the "Residence"). [Doc. 5 at ¶ 7].[1] In December 2019, Ms. Olave

---

[1] Typically, in ruling on Plaintiffs' Motion to Dismiss, this court would exclusively draw facts from Defendant's Answer and Jury Demand and Counterclaim (the "Counterclaim"). [Doc. 20]. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hartford Life &*

alerted her homeowners' insurance carrier, Defendant American Family Mutual Insurance Company, S.I. ("Defendant" or "American Family") that she intended "to travel back and forth between Colorado and Missouri" and that her brother, Plaintiff Jamie Darci Olave-Hernandez, would be living in the Residence with his family. [*Id.* at ¶¶ 11-12].

An electric fire occurred at the Residence on September 15, 2020. [*Id.* at ¶ 8]. At the time of the fire, Ms. Olave "was insured under a homeowner insurance policy . . . for the Residence" (the "Policy") through Defendant. [*Id.* at ¶ 9]. The Policy "outlines the conditions that must be met for Property Coverage to apply" to a claimed loss.[2] [Doc. 20 at 19, ¶ 19].[3]  Relevant here, the Policy defines "insured location," in pertinent part, as follows:

> 11. Insured location means:
>
>   a. the residence premises;
>   b. if you notify us within 30 days of acquisition, the part of a residential premises you acquire as your new residence during the policy period;
>   c. a premises you use in connection with the residence premises; [or]
>   d. any part of a premises:
>
>      (1) not owned by or leased to an insured; and
>      (2) where an insured is temporarily residing.

---

*Accident Ins. Co. v. Jones-Atchison*, No. 20-6135, 2021 WL 4258761, at *2 (10th Cir. Sept. 20, 2021) (applying the Rule 12(b)(6) standard to a defendant's counterclaim). However, for purposes of providing a complete factual background of this matter, the court draws certain background facts, only as necessary, from Plaintiffs' Complaint and Jury Demand (the "Complaint"). [Doc. 5]. For purposes of this Recommendation, the court presumes that the facts alleged in the Counterclaim are true. *Jones-Atchison*, 2021 WL 4258761, at *2.

[2] Neither Party directs the court to specific coverage language in the Policy. *See* [Doc. 5; Doc. 20; Doc. 27; Doc. 32; Doc. 37].

[3] Because Defendant's Counterclaim contains some duplicative paragraph numbers, for purposes of clarity, the court cites to both the page number and the paragraph number.

[Doc. 20-6 at 21].[4]  In addition, the Policy defines "residence premises" as follows:

> 19. Residence premises.
>
>    a. This means the:
>
>       (1)   one family dwelling you own and you reside in;
>       (2)   two family dwelling you own and you reside in one of the dwelling units; or
>       (3)   part of any other residence where you reside;
>
>    that is shown as the residence premises in the Declarations.

[*Id.* at 22].

On October 5, 2020, Defendant proffered a reservation of rights letter, stating that "coverage concern(s) [were] present given the facts of the loss and specifically who resides at the house location, which is listed on the policy application as Perla Olave's primary residence."  [Doc. 20 at 17, ¶ 8].  Then, on January 20, 2021, Defendant notified Plaintiffs that based on its investigation, it had determined that, at the time of the fire, Ms. Olave did not reside at the Residence but instead resided in the state of Missouri; for this reason, Defendant took the position that the Residence "does not meet the policy definition of Insured location or Residence premises" contained in the Policy.  [*Id.* at 17-18, ¶¶ 9, 16].

---

[4] Typically, a court's review at the motion-to-dismiss stage is limited to the four corners of the operative complaint. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). However, "[a] district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment." *Thomas v. Kaven,* 765 F.3d 1183, 1197 (10th Cir. 2014).  Here, the Policy is referenced both in Plaintiffs' Complaint and Defendant's Counterclaim, [Doc. 5 at ¶ 9; Doc. 20 at 19, ¶¶ 18-20], the Policy is central to the Counterclaim, and neither Party disputes the Policy's authenticity.  *See generally* [Doc. 27; Doc. 32].  Thus, the court may consider the language of the Policy in issuing this Recommendation.

On February 25, 2021, Defendant submitted another letter explaining its coverage determination and "identif[ying] additional facts revealed in [its] investigation supporting the determination that Perla Olave resided in Missouri and not Colorado." [*Id.* at 18, ¶ 16]. This letter stated that (1) Ms. Olave's Colorado vehicle registration expired in 2018; (2) Ms. Olave's social-media posts since 2018 "[were] from Missouri"; (3) Ms. Olave owns a microblading studio in Town and Country, Missouri and maintains a tattoo license with the State of Missouri; and (4) "a blog focused on Ms. Olave's business states that Ms. Olave 'move[d] to the St. Louis area . . . to ensure that her daughter grew up around extended family." [*Id.* at 18, ¶ 17]. Defendant also alleges that Ms. Olave registered to vote in Missouri on February 1, 2018, and remained a registered Missouri voter "through at least September 15, 2020." [*Id.* at 18, ¶ 15]. Defendant then canceled the Policy. [Doc. 5 at ¶ 42].

On September 27, 2021, Plaintiffs sued American Family in the District Court for Boulder County, Colorado, asserting two claims of breach of contract, two claims of common law bad faith breach of an insurance contract, and two claims of unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. *See generally* [*id.*]. Defendant removed this case to federal court on October 29, 2021. [Doc. 1]. Then, on November 19, 2021, Defendant filed its lone Counterclaim, seeking a declaratory judgment that Ms. Olave "was a resident of Missouri on September 15, 2020, and not a resident of Colorado and thus the [Residence] does not meet the definition of Insured location or Residence premises under the policy." [*Id.* at 19, ¶ 23].

Plaintiffs filed the instant Motion to Dismiss on December 20, 2021. [Doc. 27]. They argue that Defendant's Counterclaim should be dismissed under Rule 12(b)(6) of

the Federal Rules of Civil Procedure for failure to state a claim, as the facts—taken as true—do not plausibly state a claim for declaratory relief. [*Id.* at 6]. In addition, they contend that Defendant's Counterclaim "is not a proper use of the Declaratory Judgment Act, and this Court should decline to exercise jurisdiction over it." [*Id.* at 9]. Defendant responded in opposition to the Motion on January 10, 2022, *see* [Doc. 32], and Plaintiffs have since replied. [Doc. 37]. The Motion is thus ripe for Recommendation, and I consider the Parties' arguments below.

## LEGAL STANDARDS

### I.  Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the [non-moving party]." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A claimant may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The court must ultimately "determine whether the [pleading] sufficiently alleges facts supporting all the elements

5

necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II. Declaratory Judgment Act

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]his text presents two separate hurdles for parties seeking a declaratory judgment to overcome." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, there must be an "actual controversy," which has been "equated to the Constitution's case-or-controversy requirement." *Id.* "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that district courts 'may'—not 'must'—make a declaration on the merits of that controversy," and thus, "district courts are entitled to consider a number of case-specific factors in deciding whether or not to exercise their statutory declaratory judgment authority." *Id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than an absolute right upon the litigant.'") (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

In other words, the court "is not obliged to entertain every justiciable declaratory claim brought before it." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). The court must consider several case-specific factors in deciding whether to exercise jurisdiction over a declaratory judgment claim, including

6

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983 (quotation omitted) (brackets in original).

In addition, "[c]ourts sometimes dismiss mirror image' counterclaims on the basis that liability will be resolved based on the claims asserted in the Complaint." *Atl. Specialty Ins. Co. v. Midwest Crane Repair, LLC*, No. 20-cv-04013-JAR-ADM, 2020 WL 5513594, at *4 (D. Kan. Sept. 14, 2020). "But 'a counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim.'" *Id.* (quoting *Prograde Ammo Grp. LLC v. Perry*, No. 14-cv-00884-PAB-MEH, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015)). "Courts have typically applied the [*Mhoon*] factors . . . to decline jurisdiction over declaratory judgment claims where there is parallel litigation in state and federal courts, or where resolution of the declaratory judgment claim would prejudice an insured in an underlying liability action by a third party." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1195 (D. Colo. 2018) (citations omitted). "However, courts in this circuit have also dismissed declaratory judgment claims . . . where a [claimant] seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action." *Id.* (citing cases).

7

## ANALYSIS

**I.    Failure to State a Claim Under Rule 12(b)(6)**

First, Plaintiffs maintain that Defendant's Counterclaim should be dismissed under Rule 12(b)(6) for failure to state a claim; Plaintiffs contend that even taking all of the factual allegations in the Counterclaim as true, this "would not settle the coverage dispute." [Doc. 27 at 7]. Plaintiffs' argument is premised on the principle that under Colorado law, a person may reside in more than one place. [*Id.* at 8]. They assert that, at most, Defendant's allegations "establish that Ms. Olave was a resident of Missouri" at the time of the fire, but fail to establish that she "did not also reside in Colorado at the [Residence]." [*Id.* at 6, 8]. And because the present allegations are insufficient to "establish that Ms. Olave did not reside in the subject property such that this Court could determine that the property does not meet the definition of Insured location or Residence premises under the Policy," Plaintiffs contend that the Counterclaim must be dismissed under Rule 12(b)(6). [*Id.* at 8].

In opposing the Motion to Dismiss, Defendant does not dispute Plaintiffs' argument that a person may reside in more than one location. *See generally* [Doc. 32]. Instead, Defendant directs the court to Paragraph 23 of its Counterclaim, asserting that "Plaintiffs ignore American Family's specific allegation in [Paragraph 23] that [Ms.] Olave was not a resident of Colorado at the time the fire occurred, and the [Residence] did not meet the definition of 'insured location' or 'residence premises' under the [P]olicy." [*Id.* at 8 (emphasis omitted)]. Defendant maintains that this allegation "alone [is] sufficient to establish there is a controversy" concerning whether Ms. Olave resided in Colorado at the time of the fire and is covered under the Policy. [*Id.*].

8

>Paragraph 23 of the Counterclaim states, in full:
>
>American Family seeks a determination by the Court that Plaintiff Olave was a resident of Missouri on September 15, 2020, and not a resident of Colorado and thus the property located at 9270 Garfield Street, Thornton, Colorado does not meet the definition of Insured location or Residence premises under the policy.

[Doc. 20 at 19, ¶ 23]. Plaintiffs argue in their Reply that this Paragraph is not a factual allegation supporting a claim for relief but is instead a legal conclusion which the court need not accept as true at this stage in the proceedings. [Doc. 37 at 3-4].

The court agrees with Plaintiffs with respect to Paragraph 23. This Paragraph does not set forth factual allegations, but instead describes the parameters of the declaratory relief requested by Defendant. Indeed, Paragraph 23 states a conclusion, but fails to include facts supporting that conclusion. *Cf. Goodwill Indus. of Cent. Okla., Inc. v. Philadelphia Indem. Ins. Co.*, 21 F.4th 704, 712 (10th Cir. 2021) (where the plaintiff alleged that an insurance exclusion was void because "no consideration was provided in exchange for the addition of this endorsement," but where the plaintiff "did not plead facts demonstrating lack of consideration," the plaintiff's "allegation was therefore a legal conclusion, and the district court was correct to disregard it."). Even if this court did construe Paragraph 23 as asserting a factual allegation, it alone would be insufficient to allege that Ms. Olave did not reside at the Residence at the time of the fire, given its conclusory nature. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 584 F.3d 1240, 1244 (10th Cir. 2009); *see also Twombly*, 550 U.S. at 570 (a claimant must allege facts sufficient to "nudge[] [its] claims across the line from conceivable to plausible"). Accordingly, neither Defendant nor the court can rely on Paragraph 23 alone to conclude

9

that Defendant has stated a plausible claim for declaratory relief. Rather, the court must examine the entirety of the factual allegations in the Counterclaim to determine whether, taking all supported factual allegations as true, Defendant states a claim upon which relief could be granted.

Defendant seeks a declaratory judgment that Ms. Olave "was a resident of Missouri on September 15, 2020, and not a resident of Colorado and thus the property located at 9270 Garfield Street, Thornton, Colorado does not meet the definition of Insured location or Residence premises under the [P]olicy." [Doc. 20 at 19, ¶ 23]. Plaintiffs maintain that Defendant fails to state a claim upon which relief can be granted because Defendant's allegations establish, at most, Ms. Olave's residence in Missouri; accordingly to Plaintiffs, a person may have more than one residence at a time, and because the allegations are insufficient to establish that Ms. Olave did not reside at the Residence in Colorado, the Counterclaim should be dismissed. [Doc. 27 at 8]. As set forth above, the Policy defines "insured location" as "the residence premises," and defines "residence premises" as the "one family dwelling you own and reside in" or "part of any other residence where you reside." [Doc. 20-6 at 21, 22]. The Policy does not define "reside." *See* [Doc. 20-6 at 20-23]. In addition, the presiding judge, the Honorable Christine M. Arguello, has not yet passed on the issue of contract interpretation, but based on the record before it, this court need not decide this issue for the purposes of the instant Motion.

Even assuming the interpretation of the contract for which Plaintiffs advocate, i.e., that Ms. Olave may reside in more than one place at one time, *see Grippin v. State Farm Mut. Auto. Ins. Co.*, 409 P.3d 529, 533 (Colo. App. 2016); *see also Potter v. State Farm*

10

*Mut. Auto. Ins. Co.*, 996 P.2d 781, 783 (Colo. App. 2000) (in the automobile insurance context, concluding that "residence denotes a place where a person dwells" and "simply requires bodily presence as an inhabitant in a given place") (quotation omitted), this court focuses on whether Defendant has alleged sufficient facts, taken in the light most favorable to it, to plausibly establish that Ms. Olave *did not* reside at the Residence at the time of the fire. *See* [Doc. 20-6 at 21, 22].

In the Counterclaim, American Family alleges the following: (1) Ms. Olave registered to vote in Missouri and remained registered to vote in Missouri at least through September 15, 2020, [Doc. 20 at 18, ¶¶ 14-15]; (2) since 2018, Ms. Olave has made social media posts "from Missouri," [*id.* at 18-19, ¶ 17]; (3) Ms. Olave's Colorado vehicle registration expired in 2018, [*id.*]; (4) Ms. Olave owned a business in Missouri and has a Missouri tattoo license, [*id.*]; and (5) a blog post "focused on Ms. Olave's business" stated that Ms. Olave moved to Missouri. [*Id.*].[5] Defendant further contends that only residents of the state of Missouri are entitled to register to vote in Missouri. [*Id.* at 18, ¶ 11]. Finally, Defendant avers that Ms. Olave was not "temporarily living away from the home," but that all of these facts establish that Ms. Olave resided in Missouri, not Colorado. [*Id.* at 7, ¶ 43; at 18, ¶ 16]. In addition, due to information asymmetry, other facts that might support Defendant's argument—such as the frequency and duration of Ms. Olave's travel to Colorado—lie within Ms. Olave's, rather than Defendant's, custody and control.

---

[5] American Family asserts a limited number of additional factual allegations in its Response to Plaintiffs' Motion to Dismiss. For example, Defendant—for the first time—alleges that Ms. Olave did not have a business license in Colorado and that Ms. Olave enrolled her child in school in Missouri but not in Colorado. [Doc. 32 at 2]. A claimant may not amend its claims in a response to a motion to dismiss, and thus, the court does not consider these new allegations in analyzing the sufficiency of Defendant's allegations. *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).

11

At this juncture, Defendant need not prove liability for its Counterclaim. *Moses-El v. City & Cnty. of Denver*, No. 17-cv-03018-MSK-NRN, 2020 WL 859240, at *1 (D. Colo. Feb. 21, 2020), *aff'd*, 2022 WL 1741944 (10th Cir. May 31, 2022). Instead, it must only plead sufficient facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed and nudge its claim across the line from conceivable to plausible on its face. *Robbins*, 519 F.3d at 1247. Importantly, the weighing of evidence and credibility determinations are issues left to a factfinder, rather than a court on a motion to dismiss. *See Allen v. Wal-Mart Stores, Inc.*, 241 F.3d 1293, 1297 (10th Cir. 2001). Defendant's allegations, taken as true and construed in a light most favorable to Defendant, may be sufficient for a factfinder to determine that Ms. Olave had abandoned her residence in Colorado in favor of residing solely in Missouri. Accordingly, the court declines to recommend dismissal on this basis.

## II.     Exercising Jurisdiction Under the Declaratory Judgment Act

Having found that American Family has stated sufficient facts, taken as true, to support its Counterclaim, this court now turns to Plaintiffs' second argument. In their Motion to Dismiss, Plaintiffs argue that the Counterclaim "is not a proper use of the Declaratory Judgment Act" and assert that the court "should decline to exercise jurisdiction over it." [Doc. 27 at 9]. Specifically, Plaintiffs assert that consideration of the *Mhoon* factors weighs against exercising jurisdiction over Defendant's Counterclaim. [*Id.* at 9-11]. Primarily, they argue that the court should decline to exercise jurisdiction over Defendant's Counterclaim because it is "duplicative of [Defendant's] fourth affirmative defense" asserted in its Answer, [*id.* at 11], and that "[w]here, as here, a declaratory judgment claim is duplicative of substantive claims which are the basis of a lawsuit, the

12

declaratory judgement action should be dismissed." [*Id.* at 12]. In response, Defendant posits that Plaintiffs' argument that its Counterclaim is redundant of its affirmative defenses "is not technically correct," but it does not explain such a position, and spends its arguments focused upon discovery and motions practice. *See* [Doc. 32 at 11-12]; *see also Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs*, 613 F.3d 1229, 1239 (10th Cir. 2010) (undeveloped arguments are deemed waived). Before this court proceeds to its substantive analysis, it pauses to set out its framework.

### A. Framework

Although Plaintiffs only invoke Rule 12(b)(6) in their Motion, *see* [Doc. 27], courts both within and outside of the Tenth Circuit have applied Rule 12(f) when considering whether a counterclaim of declaratory judgment of non-coverage is redundant. *Am. Gen. Life Ins. v. Bagley*, No. 2:13-cv-00089-RJS, 2013 WL 5916824, at *3 (D. Utah Nov. 4, 2013); *Manago v. Auto-Owners Ins. Co.*, No. 2:17-cv-267, 2018 WL 620381, at *2 (N.D. Ind. Jan. 30, 2018). This court is persuaded that it should apply Rule 12(f), rather than Rule 12(b)(6), in its determination as to whether the court dismiss Defendant's Counterclaim. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of the case. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).

In addition, while both Parties appear to focus their arguments with respect to any redundancy against Defendant's affirmative defenses, this court expressly measures whether the Counterclaim is redundant of Defendant's affirmative defenses <u>and</u> Plaintiffs'

13

affirmative causes of action, namely, Ms. Olave's breach of contract claim. Furthermore, the court notes that courts dismissing a declaratory judgment claim that is duplicative or redundant of other claims or defenses in the action have done so both in the context of the *Mhoon* factors and without considering the *Mhoon* factors. *See TBL Collectibles*, 285 F. Supp. 3d at 1196 (The holdings in [such] cases have rested on one of two rationales. Some courts have assumed that the *Mhoon* factors may . . . guide a decision whether to entertain a separate declaratory judgment claim, even in the absence of pending litigation in state court," while "[o]ther courts have reached a similar conclusion without relying on the *Mhoon* factors.") (citing cases) (citations and quotations omitted).

    **B.**    **Application**

Assuming that the *Mhoon* factors apply even absent parallel state-court litigation, the court cannot conclude that the *Mhoon* factors weigh in favor of the court declining to exercise jurisdiction here. With respect to the first *Mhoon* factor, the court notes that Defendant's Counterclaim is not coextensive with Ms. Olave's breach of contract claim; as American Family acknowledges, even if the court agreed that Ms. Olave did not reside at the Residence at the time of the fire and the Residence did not meet the definition of "insured location" and "residence premises," it would still leave a dispute over the handling of her claim for damaged contents. *See* [Doc. 32 at 10 n.4]; *see also* [Doc. 5 at ¶ 96]. Further, if the court were to find against Defendant on the issue of coverage, this would not necessarily result in resolution of Plaintiffs' bad-faith claims. *See, e.g.*, *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020) (explaining that "Colorado courts have held that it is reasonable for an insurer to challenge claims that are 'fairly debatable,'" and thus, "under common law, finding that an insurer's

14

justification for denying or delaying payment of a claim is 'fairly debatable' typically weighs against finding that an insurer acted unreasonably.") (citation omitted); *see also TBL Collectibles*, 285 F. Supp. 3d at 1196 (concluding that the first *Mhoon* factor weighed in favor of dismissing the counterclaim that "would not resolve the entirety of the dispute").

As to the second *Mhoon* factor, "[i]t is also not clear that a separate adjudication of [the] claim for declaratory relief would serve any useful purpose, given that the question of [coverage] will necessarily be addressed in the Court's resolution of plaintiff's breach of contract and bad faith claims." *Id*. Defendant's Counterclaim, in essence, seeks a declaration that no coverage exists under the Policy because Ms. Olave did not reside at the Residence at the time of the fire, *see* [Doc. 20 at 19, ¶¶ 22-24]—an issue that will be fully resolved in the course of litigating Plaintiffs' claims and Defendant's affirmative defenses. *Cf. Peterson v. USAA Life Ins. Co.*, No. 17-cv-01514-CMA-KMT, 2017 WL 10619943, at *3 (D. Colo. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 6429923 (D. Colo. Jan. 23, 2018) (recommending that a motion to strike a counterclaim under Rule 12(f) be granted upon concluding that the declaratory judgment counterclaim, which sought a declaration that the insurance contract was void, was redundant of affirmative defense asserted against breach of contract claims). Thus, this court concludes that Defendant's Counterclaim "seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action" and is thus redundant to Ms. Olave's breach of contract claim. *Midwest Crane Repair*, 2020 WL 5513594, at *4.[6]

---

[6] Defendant argues in its Response that it "should not be deprived of the ability to identify, request and obtain the information it deems relevant to coverage and its declaratory action claim" and "should [not] have to wait for discovery on all claims to close and/or be limited to the one dispositive motion allowed each party in federal court to seek a ruling [on the coverage issue] by the Court." [Doc. 32 at 11-12]. This court is not persuaded by

But turning to the remaining *Mhoon* factors, there is no indication that Defendant is attempting to engage in "procedural fencing" or a "race to *res judicata*," which weighs against granting Plaintiffs' Motion. *Esurance Prop. & Cas. Ins. Co. v. Palm*, No. 20-cv-02170-PAB-STV, 2021 WL 4477686, at *7 (D. Colo. Sept. 30, 2021). And because there is no parallel state court proceeding, the fourth factor is not relevant here and is thus neutral. Similarly, the fifth *Mhoon* factor is neutral; while the resolution of Plaintiffs' claims will resolve the coverage issues presented in Defendant's Counterclaim and is thus akin to an "alternative remedy," Plaintiffs do not argue that resolution of their claims presents a *better* or *more effective* remedy than resolution of Defendant's Counterclaim. *See generally* [Doc. 27]; *see also* Fed. R. Civ. P. 57 ("The existence of another *adequate* remedy does not preclude a declaratory judgment that is otherwise appropriate.") (emphasis added).

The court concludes that the *Mhoon* factors do not weigh in favor of dismissal at this juncture. "[T]he mere fact that [a claim] may be redundant does not require dismissal," and even if the Counterclaim is redundant, the court concludes that "it is too

---

this argument. First, participating in discovery is part and parcel of participating in litigation, and the court cannot conclude that Defendant's desire to narrow or shorten the scope of discovery constitutes a "useful purpose" warranting exercising jurisdiction over the redundant Counterclaim—particularly when it is premised on a dispositive motion not yet filed, let alone granted. Nor is this court persuaded, given the lack of any specifics, that American Family will somehow be deprived of the ability to seek the information it deems relevant to coverage—particularly in light of its affirmative defenses. Second, Defendant's argument that, without its Counterclaim, it is somehow precluded from filing a dispositive motion without waiting for discovery to close on Plaintiffs' bad faith claims is simply incorrect. It is not certain that the existence of the Counterclaim, by itself, would allow American Family to file more than a single motion for summary judgment, and nothing precludes Defendant from moving for partial summary judgment now and seeking leave from Judge Arguello to file a second Motion for Summary Judgment. *See* CMA Civ. Practice Standard 56(a) (providing that a party may not file successive motions for summary judgment without leave of court).

early at this stage to dismiss it." *Reddy v. Essentia Ins. Co.*, No. 21-cv-00433-RMR-MEH, 2021 WL 3742243, at *7 (D. Colo. Aug. 24, 2021), *report and recommendation adopted,* 2022 WL 2287536 (D. Colo. Feb. 18, 2022). "Plaintiff[s] will remain free to oppose declaratory relief later, after further development of record." *Id.* Moreover, "motions to strike are usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). Plaintiffs articulate no prejudice that they will suffer if the Counterclaim remains, either in their affirmative Motion to Dismiss or on Reply. [Doc. 27; Doc. 37]. For these reasons, the court respectfully **RECOMMENDS** that the Motion to Dismiss be **DENIED**. *See Reddy*, 2021 WL 3742243, at *7. In doing so, this court expressly does not opine as to the proper interpretation of the Policy's language or whether Defendant will ultimately prevail on its Counterclaim.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment [Doc. 27] be **DENIED.**[7]

---

[7] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v.*

DATED:  July 18, 2022                           BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

*Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).